**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARCUS A. MALEY,**

        **Plaintiff,**

    v.                    CASE NO.  08-3146-SAC

**STATE OF KANSAS,**

        **Defendant.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by Mr. Maley after he was released from a county jail and is based upon incidents he alleges took place while he was at the jail.  More specifically, plaintiff claims that while he was in Anderson County Jail, he "was illegally implanted with a mind control device."  In support, he alleges he awoke in the jail "with a shaved spot on (his) head and a bruise on (his) arm."  He also alleges he has had CT scans in Illinois that "show implants."  However, he does not provide any medical reports, dates or supporting affidavits from medical personnel.  He further claims that he has scars where he believes "valves were incerted (sic) in (his) veins."  He states that Homeland Security is aware of this "government torture."

Plaintiff has also filed a motion to proceed without prepayment of fees, and provided an affidavit indicating he is without funds to pay the filing fee of $350.00 due herein.  The statute authorizing actions to be filed and proceed without prepayment of fees, 28 U.S.C. § 1915, also provides in subsection (e)(2):

    . . . [T]he court shall dismiss the case at any time
if the court determines that-
    (B) the action or appeal-
        (i) is frivolous or malicious;

>> (ii) fails to state a claim on which relief may
>> be granted; or
>> (iii) seeks monetary relief against a defendant
>> who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Because plaintiff proceeds in forma pauperis, the litigation process begins with the court screening his complaint under 1915(e)(2)(B).  See Lister v. Department of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); see also Curiale v. Walker, 136 Fed.Appx. 139, at **1 (10th Cir. June 7, 2005, unpublished); Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)(Although in forma pauperis provisions in the PLRA were intended to cut down on prisoner lawsuits, § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.). Accordingly, the court has screened this complaint and is required to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  Having considered all materials filed by plaintiff, the court finds as follows.

The only named defendant is the State of Kansas.  The State is not a proper defendant under 42 U.S.C. § 1983, because it is not a "person" suable thereunder.  Moreover the State of Kansas is immune from suit for money damages under Section 1983.  However, plaintiff fails to specify in his complaint what relief, if any, he seeks.

In addition to the foregoing deficiencies, the court finds the allegations made by plaintiff in his complaint are not supported by sufficient facts such as what person or persons personally participated in the acts of which he complains or adequate descriptions of the alleged unconstitutional acts.  Some of

plaintiff's exhibits tend to belie rather than support his claims. They suggest he spoke of having implants before he was confined in the Anderson County Jail and that he had injuries on his head and elsewhere from incidents other than implants and vein insertions. The court further finds plaintiff's conclusory allegations are bizarre to the point of appearing delusional. The court concludes this action must be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state facts in support of a claim.

**IT IS THEREFORE ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is granted, and this action is dismissed and all relief is denied.

**IT IS SO ORDERED**.

Dated this 24th day of June, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge